FILED

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2014 JUL 14 ₱ 4: 27

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| BEZA CONSULTING, INC., a Virginia corporation<br>Address: 901 S. Highland St., Suite 302<br>Arlington, VA 22204; and<br><br>BEZA CONSULTING ENGINEERS PLC, an<br>Ethiopian entity,<br>Address: P.O. Box 41292,<br>6th Fl, Friendship City Center<br>Bole Road, Africa Avenue<br>Addis Ababa, Ethiopia<br><br><br>Plaintiffs,<br><br>v.<br><br>MULUNEH MIHIRATE YADETA, an individual,<br>7906 Georgia Ave, Suite 108,<br>Silver Spring, Maryland 20910; and<br><br>BEZA CONSULTING, INC., a Maryland<br>Corporation,<br>Address: Serve: Muluneh M Yadeta, Registered Agent<br>735 Sligo Ave, Suite 311, Silver Springs, MD 20910<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. _1-14cv881_<br>)          _AJT/TCB_<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COME NOW Plaintiffs Beza Consulting, Inc. ("BCI") and Beza Consulting Engineers

PLC ("BCE") (collectively referred to herein as "Plaintiffs" or "Beza") by counsel, and for their

Complaint against Defendants Beza Consulting, Inc. ("Beza Maryland") and Muluneh Mihirate

Yadeta ("Yadeta") (collectively referred to herein as "Defendants") state as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action because of Defendants' unauthorized and unlawful use of the Plaintiffs' "Beza Consulting" trade name, trademark, and credentials to submit tenders, obtain lucrative contracts, and seek other professional opportunities. As a result of these actions, Defendants have: (i) infringed BCI and BCE's trade name and common law trademarks in violation of Section 43(a) of the Lanham Act and the common law of Virginia; (ii) engaged in acts of false advertising, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act and the common law of Virginia; and (iii) been unjustly enriched at the expense of Plaintiffs.  In addition, Plaintiffs bring this action against their former employee Yadeta for his breach of fiduciary duty, breach of his duty of loyalty, and misappropriation of corporate opportunities.

## PARTIES

2.      Plaintiff BCI is a corporation organized and existing under the laws of Virginia, with its principal office in Arlington, Virginia. Established in 2009, BCI provides engineering consulting services throughout the United States and Africa.

3.      Plaintiff BCE is a private limited company organized under the laws of Ethiopia, with its principal office in Addis Ababa, Ethiopia. Established in 2000, BCE provides engineering consulting services throughout Africa.

4.      Defendant Yadeta is an Ethiopian citizen and, upon information and belief, resides in Silver Spring, Maryland.

5.      Defendant Beza Maryland is a corporation organized and existing under the laws of Maryland, with its principal office in Silver Spring, Maryland. Defendant Beza Maryland purports to provide engineering consultancy services in the United States and Africa.

2

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over the subject matter of this action under 28 U.S.C.

§§1331, 1332 and 1338, as well as 15 U.S.C. § 1121, and has supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The amount in controversy, exclusive

of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

7.     This Court has personal jurisdiction over each of the Defendants because they

have (i) transacted business within the Commonwealth of Virginia, and, (ii) committed

intentional torts directed at Plaintiffs resulting to harm suffered by Plaintiff BCI in the

Commonwealth of Virginia.

8.     Venue in this District is proper under 28 U.S.C. § 1391(b)(2) and (3).

## FACTS COMMON TO ALL COUNTS

**Plaintiffs' common law marks and trade names**

9.     Since its founding in Ethiopia in 2000, BCE has marketed its engineering

consulting services featuring the BEZA CONSULTING ENGINEERS mark and logo.



10.     Since the incorporation of BCI in 2009, BCI has marketed engineering consulting

services in the United States under the BEZA CONSULTING name.

11.     The BEZA CONSULTING and BEZA CONSULTING ENGINEERS marks,

trade name and logo (the "Beza Marks") enjoy extensive recognition and goodwill among the

engineering consulting trade and consuming public throughout the United States and Africa. BCI

has made a significant investment in advertising and promoting its services under the BEZA

3

CONSULTING mark based on the acquired goodwill. As a result, Plaintiffs are owners of the common law rights in and to the Beza Marks for engineering consulting services.

**Yadeta's Employment with BCI**

12.     Yadeta was first hired by BCE, an affiliate of BCI, on January 26, 2007 for three (3) months as a coordinator for international business based in Addis Ababa, Ethiopia. On October 26, 2007, the employment contract was renewed for an additional period of three (3) months.

13.     On March 12, 2008, Yadeta was promoted to International Business Director of BCE.

14.     On March 1, 2010, Yadeta was promoted to International Business Development Coordinator based from BCE's Kenya office.

15.     On September 30, 2010, Yadeta was transferred to Arlington, Virginia and given the position of Regional Director for BCI. In this position, Yadeta was responsible for developing new business for BCI and BCE in the United States market, expanding BCI to different states, coordinating projects for BCE from the United States, and associating with consulting engineers in the United States to help with proposals and projects.

16.     Nearly a year after Yadeta's appointment to the position of Regional Director for BCI, through letter to Yadeta dated August 26, 2011 (**a true and correct copy attached hereto as Exhibit A**), inquired regarding the status of the projects and business development that Yadeta was supposed to be working on for BCI.  Specifically, BCE asked Yadeta why he had failed to update BCE on activities or projects regarding BCI. BCE also instructed Yadeta to provide BCE with the 2010 and 2011 annual reports.  Notwithstanding BCE's inquiries and

instructions, Yadeta failed to provide any update on his activities and failed to provide the annual reports.

17.     On May 16, 2012, BCE informed Yadeta that because during the twenty (20) months of employment with BCI there had not been any visible work or project in the United States, Yadeta would be replaced as Regional Director of BCE starting from July 1, 2012. Yadeta was also directed to report to BCE's main office in Addis Ababa regarding future assignments. **(See Exhibit B hereto.)**

18.     On July 16, 2012, with Yadeta having failed to report to BCE's main office in Addis Ababa, BCE again directed Yadeta to report to the BCE office in Addis Ababa by no later than August 1, 2012. BCE also instructed Yadeta to turn over all company assets and official documents to the new Regional Director of BCI. **(See Exhibit C hereto.)**

**Yadeta's Unlawful Activities**

19.     On May 21, 2012, five (5) days after being relieved of his duties as Regional Director of BCI and instructed by BCE to report to its main office in Addis Ababa, Yadeta, unbeknownst to BCI and BCE, incorporated in the State of Maryland an entity called "Beza Consulting, Inc.", which is identical to the full name of Plaintiff BCI. Yadeta incorporated Beza Maryland with the purpose of providing engineering consultancy services, the same services provided by BCE and BCI, under the identical name "Beza Consulting, Inc." **(See Exhibit D hereto.)**

20.     Despite receiving express instructions from BCE that he report to its main office in Addis Ababa by no later than August 1, 2012, Yadeta failed to do so. As a result, Yadeta effectively resigned from BCE as of August 1, 2012, and thereafter had no affiliation or association with either BCE or BCI and had no authorization or permission to conduct business

under the "Beza Consulting" name or to hold himself out as an officer, owner, or employee of BCE or BCI.

21.     On February 15, 2013, Yadeta changed Beza Maryland's name to Millennium Consulting Engineers Inc. (MCE). **(See Exhibit E hereto.)** Thereafter, on January 13, 2014, Yadeta changed Beza Maryland's name back to Beza Consulting, Inc. **(See Exhibit F hereto.)**

22.     Despite having resigned from BCE as of August 1, 2012, Yadeta has used and continues to use the emails mike@bezaconsulting.com and mikebezaconsult@yahoo.com.

23.     Despite having no association or affiliation with BCE or BCI as of August 1, 2012, Yadeta nonetheless continued to display in the signature of his emails the following phrases: "Beza Engineers is an award winning consultancy company, providing world-class engineering consultancy services for Africa and around the world" and "Beza Engineers is an award winning consultancy company, providing world-class engineering consultancy services for Africa or around the world since 2000." **(See Exhibits G and H hereto.)**

24.     Yadeta falsely represented in e-mails sent to potential joint venture partners and customers after his resignation from BCE on August 1, 2012 that he was "Managing Director of Beza Consulting Inc." **(See Exhibit I hereto.)**

25.     On May 4, 2013, Yadeta and Beza Maryland partnered with Bari Zambia Limited ("Bari Zambia"), a company based in Zambia, for the purpose of jointly preparing and submitting a proposal to the Zambian Road Development Agency ("RDA") in Lusaka, Zambia, specifically for the design review and construction supervision of the upgrade of the Mpika to Nabwalya to Mfuwe Road. In all communications relating to this project, Yadeta and Beza Maryland, without authorization of BCE or BCI, used the BCE logo and the BCI trade name and mark. **(See Exhibit J hereto.)**

26.     On June 6, 2013, Yadeta and Beza Maryland partnered with Bari Zambia to provide services to the Ministry of Local Government and Housing of Zambia regarding the supervision and upgrading of roads in the Nymba, Katete, and Sinda districts. In all communications relating to this project, Yadeta and Beza Maryland used, without authorization, the BCE logo and the BCI trade name and mark. **(See Exhibit K hereto.)**

27.     On June 6, 2013, Yadeta and Beza Maryland partnered with Bari Zambia to provide services to the Ministry of Local Government and Housing of Zambia regarding the supervision and upgrading of roads in the Kapiri Mposhi, Serenje, and Mkushi districts. In all communications relating to this project, Yadeta and Beza Maryland used, without authorization the BCE logo and the BCI trade name and mark. **(See Exhibit L hereto.)**

28.     On June 6, 2013, Yadeta and Beza Maryland partnered with Bari Zambia to provide services to the Ministry of Local Government and Housing of Zambia regarding the supervision and upgrading of roads in the Sesheke, Senanga, Kaoma. and Kalabo districts. In all communications regarding this project, Yadeta and Beza Maryland used, without authorization, the BCE logo and the BCI trade name and mark. **(See Exhibit M hereto.)**

29.     On June 6, 2013, Yadeta and Beza Maryland partnered with Bari Zambia to provide services to the Ministry of Local Government and Housing of Zambia regarding the supervision and upgrading of roads in the Solwezi, Mufumbwe, Kasempa. and Kabompo districts. In all communications regarding this project, Yadeta and Beza Maryland, without authorization, used the BCE logo and the BCI trade name and mark. **(See Exhibit N hereto.)**

30.     On September 20, 2013, Yadeta and Beza Maryland partnered with Bari Zambia to provide services to the RDA, specifically for structural assessments and detailed engineering designs of embankments, bridge structures, and roads of the Batola Maamba Road. In all

communications regarding this project, Yadeta and Beza Maryland, without authorization, used the BCE logo and the BCI trade name and mark. **(See Exhibit O hereto.)**

31.     On September 23, 2013, Yadeta sent to Bari Zambia the graduation diploma and certification of a BCE employee, Hailu Mokonen, falsely representing that Mr. Mokonen was affiliated with Yadeta and Beza Maryland. **(See Exhibit P hereto.)** On April 4 and 14, 2014, Yadeta again falsely represented to Bari Zambia that Mr. Mokonen was affiliated with Beza Maryland and that Mr. Mokonen would serve as Beza Maryland's personnel for another project, the rehabilitation of the T4 road from Nyimba to Sinda.

32.     On March 24, 2014, Yadeta informed Bari Zambia that "Beza Consulting Engineering" was now "Delta Engineering Group", thereby falsely suggesting that BCI and/or BCE had changed its name to "Delta Engineering Group." **(See Exhibit Q hereto.)**

33.     On May 2, 2014, Bari Zambia sent a letter to Yadeta informing him that Bari Zambia had become aware of Yadeta's false representations of association with BCE and BCI and was therefore stopping payments to Yadeta and Beza Maryland. Bari Zambia also confirmed in the letter that Bari Zambia and Beza Maryland had been awarded the contract for the Mbala-Nakonde, Technical Audit of the T4 Road, Mpika-Mfuwe, and Safwa-Chinsali-Mulilansolo. **(See Exhibit R hereto.)**

34.     The Mbala-Nakonde proposal was presented in October 2011 when Yadeta was still employed by BCE and BCI. Yadeta, without the knowledge of BCE or BCI, submitted the Mbala-Nakonde proposal in the name of BCI and used the BCE logo. On June 2012, unbeknownst to BCE or BCI, Bari Zambia signed the Mbala-Nakonde contract with the Zambian RDA. Also unbeknownst to BCE or BCI, Beza Maryland and Yadeta received commission payments from Bari Zambia under this contract. At all times, relevant hereto, Yadeta

fraudulently concealed from BCE and BCI the award of this contract and the commissions received thereunder by Yadeta and Beza Maryland.  The payments under the Mbala-Nakonde contract were received by Beza Maryland via wire transfer at its bank account at Wells Fargo Bank in Silver Spring, Maryland.

35.    In March 2013, Yadeta and Beza Maryland, together with Bari Zambia, submitted another proposal to the Zambian RDA for the Technical Audit of the T4 Road from Nymba-Sinda. This proposal displayed BCE's name, website, and address. In this proposal, Yadeta and Beza Maryland falsely represented that the credentials and experience profile of BCE were in fact the experience and credentials of Yadeta and Beza Maryland. **(See Exhibit S hereto.)** In all communications regarding this proposal, Yadeta and Beza Maryland used, without authorization, the BCE logo and BCI's trade names and marks.

36.    In May 2013, Yadeta and Beza Maryland, together with Bari Zambia, submitted another proposal to the Zambian RDA for the construction supervision of the upgrading of the Mpika-Mfuwe Road. Once again, Yadeta and Beza Maryland falsely represented that they were acting on behalf of BCE and/or BCI by using without authorization BCE's logo, BCI's website and trade name, and both BCE and BCI's credentials and experience profile. **(See Exhibit T hereto.)** The Mpika-Mfuwe proposal also included the Beza Maryland address and Yadeta's mikebezaconsult@yahoo.co.uk email. The Mpika-Mfuwe contract was signed in November 2013 between the Zambian RDA and Bari Zambia. Beza Maryland thereafter received via wire transfer to its bank account at Wells Fargo Bank in Silver Spring, Maryland commission payments from Bari Zambia under this contract.

37.    Also, in May 2013, Yadeta and Beza Maryland, together with Bari Zambia, submitted another proposal to the Zambian RDA for the construction supervision of the

upgrading of the Safwa-Chinsali-Mulilansolo Road. In this proposal, Yadeta and Beza Maryland falsely represented that the credentials and experience profile of BCE were those of Yadeta and Beza Maryland, and used without authorization BCE's logo, BCI's trade name, and both BCE and BCI's credentials. **(See Exhibit U hereto.)** The Safwa-Chinsali-Mulilansolo proposal also included the Beza Maryland address and Yadeta's mikebezaconsult@yahoo.co.uk email.

38.     From December 29, 2012 to at least March 5, 2014, Yadeta and Beza Maryland received via transfer to its account at Wells Fargo Bank in Silver Spring, Maryland monthly payments of commissions under the contracts fraudulently procured by Yadeta and Beza Maryland.

## Count I
### (Common Law Trademark and Trade Name Infringement and Unfair Competition under Virginia Laws)

39.     Plaintiffs repeat the allegations of paragraphs 1 - 38 above as if fully set forth herein.

40.     Plaintiffs, by virtue of their prior adoption and use in interstate commerce of the Beza Marks in this judicial district and elsewhere, have acquired, established, and own valuable common law rights in the Beza Marks.

41.     Defendants' past and continued use of the Beza Marks constitutes copying and imitation of the Beza Marks, falsely designates the origin of Plaintiffs' services, has caused confusion, mistake, and deception, and is likely to cause further confusion, mistake, and deception among the trade and consuming public, and therefore constitutes infringement of the Beza Marks and unfair competition in violation of the common law of the Commonwealth of Virginia.

42.     Unless permanently enjoined by this Court, Defendants' continued advertising and promotion of their services in connection with the Beza Marks will continue to result in the likelihood of further confusion, mistake, and deception by the trade and the consuming public concerning the source of origin of the services and produce irreparable injury and damage to Plaintiffs and their good will and business reputation, for which Plaintiffs have no adequate remedy at law.

### Count II
### (False Advertising, False Designation of Origin, and Unfair Competition in Violation of Section 43(a) of the Lanham Act)

43.     Plaintiffs repeat the allegations of paragraphs 1 - 42 above as if fully set forth herein.

44.     In an attempt to mislead and confuse the trade and consuming public, and despite their knowledge of the Plaintiffs' prior and exclusive rights in and to the Beza Marks, Defendants, intentionally, wrongfully, and without justification or privilege have made false and misleading statements by using the Beza Marks, together BCE and BCI's credentials and experience profile, to mislead and deceive the trade and consuming public.

45.     Defendants, intentionally, wrongfully and without justification or privilege, made false and misleading statements which they placed in interstate commerce on LinkedIn, on their Internet websites accessible to the trade and the consuming public and located at http://www.deltaengineering-group.com and http://www.delta-eg.org, in communications with Bari Zambia, and on proposals submitted to government entities in Zambia.

46.     These statements are false and misleading in all material respects, as they mislead the trade and consuming public into believing that Defendants are BCI or BCE with the

credentials and goodwill of BCE, or are in some way connected or affiliated with or sponsored by Plaintiffs.

47.     The false and misleading statements and misrepresentations are material in that they are likely to influence the decisions by clients and have already influenced the award of contracts in Zambia.

48.     The false and misleading statements and misrepresentations, upon information and belief, have actually deceived, or have the tendency to deceive a substantial segment of the trade and consuming public.

49.     Defendants' actions as described above, are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants and their services in that members of the public are likely to believe that the services provided by Defendants are provided by, sponsored by, licensed by, affiliated, or associated with, or in some other way legitimately connected to the Plaintiffs or their services under the Beza Marks, and thus constitute false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Plaintiffs have been damaged, and will continue to be damaged by Defendants' false and misleading statements, as such statements have the tendency to mislead or deceive the trade and the consuming public into believing that Defendants are actually BCI or BCE and that Beza Maryland and Yadeta are in some way connected, affiliated with or sponsored by Plaintiffs.

51.     Defendants' acts have caused, and will continue to cause Plaintiffs irreparable injury unless restrained by this Court.

## Count III
### (Unjust Enrichment)

52.     Plaintiffs repeat the allegations of paragraphs 1 - 51 above as if fully set forth herein.

53.     Defendants' use of the Beza Marks in connection with advertising, promotion, and sale of their services, from which Defendants have derived substantial profits, has unjustly enriched Defendants by enabling them to unfairly misappropriate the benefit of Plaintiffs' extensive use and promotion of the Beza Marks.

54.     By reason of the foregoing, Defendants have unjustly enriched themselves in an unknown amount, and Plaintiffs are entitled to just compensation.

55.     Defendants are continuing to earn revenues and profits to which they are not legally entitled, causing irreparable injury to Plaintiffs by the aforesaid acts of Defendants for which Plaintiffs have no adequate remedy at law.

## Count IV
### (Breach of Fiduciary Duty)

56.     Plaintiffs repeat and reallege the allegations in paragraphs 1 - 55 as if fully set forth herein.

57.     As an employee of BCE and BCI, Yadeta owed a fiduciary duty to his employers.

58.     By reason of his activities alleged at paragraphs 19 - 38 above, Yadeta breached his fiduciary duty.

59.     As a direct and proximate result of Yadeta's breach of his fiduciary duty, Plaintiffs have been damaged in an amount to be determined at trial.

## Count V
### (Breach of the Duty of Loyalty)

60.    Plaintiffs repeat and reallege the allegations in paragraphs 1 - 59 as if fully set forth herein.

61.    As an employee of BCE and BCI, Yadeta owed a duty of loyalty to his employers.

62.    By engaging in the activities alleged at paragraphs 19 - 38 above, Yadeta breached his duty of loyalty.

63.    As a direct and proximate result of Yadeta's breach of his duty of loyalty, Plaintiffs have been damaged in an amount to be determined at trial.

## Count VI
### (Misappropriation of Corporate Opportunities)

64.    Plaintiffs repeat and reallege the allegations in paragraphs 1 – 63 as if fully set forth herein.

65.    As an employee of BCE and BCI, Yadeta owed a duty to his employer to promptly disclose and tender to his employers business opportunities which are in Plaintiffs' line of business and as to which Plaintiffs hired Yadeta for the purpose of identifying, pursuing, and acquiring such business and opportunities for the benefit of BCE and BCI.

66.    By engaging in the activities alleged at paragraphs 19 - 38, Yadeta misappropriated, for his own profit and benefit, valuable business opportunities that were directly in Plaintiffs' line of business, thereby preventing Plaintiffs from realizing the benefit of such opportunities.

67.    As a direct and proximate result of Yadeta's misappropriation of BCE and BCI's corporate opportunities, Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that the Court enter judgment against Defendants and each of them as follows:

(a)    Under 15 U.S.C. § 1116, Defendants and their agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations, and others in privity and acting in concert with them be permanently enjoined from:

(i)    Using the Beza Marks and any other trade name or mark containing or consisting, in whole or in part of the term "Beza", "BCE", or "BCI" and any other trade name or mark  that is a colorable imitation thereof or confusingly similar thereto, including in the advertising, offering for sale, and/or sale of products or services that may reasonably be encompassed by the Beza Marks or which may constitute a natural zone of expansion for Plaintiffs;

(ii)    Using any service mark, trademark, trade name, trade dress, word, domain name, number, abbreviation, design, color, arrangement, or any combination thereof, which would imitate, resemble, or suggest the Beza Marks;

(iii)    Otherwise infringing the Beza Marks;

(iv)    Unfairly competing with Plaintiffs or otherwise injuring its business reputation in any manner;

(v)    Publishing any telephone, directory, or Internet listing using the Beza Marks and any other mark or trade name containing the terms "Beza", "BCI", or "BCE" and other mark confusingly similar to or colorable imitation of the Beza Marks, in the advertising, offering for sale, and/or sale of goods and services that may be reasonably

encompassed by the Beza Marks, or which may constitute a natural zone of expansion for the Plaintiffs;

      (vi)    Engaging in any acts of false advertising, including without limitation any advertising or promotion wherein Defendants state or otherwise lead members of the trade and consuming public reasonably to believe that Defendants are the Plaintiffs or that the services of Defendants are in some way connected, affiliated with or sponsored by Plaintiffs;

    (b)    Under 15 U.S.C. § 1118, Defendants be directed to deliver up for destruction all goods, advertisements, labels, signs, prints, packages, wrappers, receptacles, computer memory, data, computer programs, software, or any other media, and all other materials in its possession or under its control bearing the Beza Marks or any other mark containing the terms "Beza", "BCI" or "BCE", and all plates, molds, matrices, and other means of making or duplicating the same;

    (c)    Under 15 U.S.C. § 1117, Defendants account and pay to Plaintiffs damages in an amount sufficient to compensate them fairly for the injury they sustained, plus all profits that are attributable to Defendants' sale of services bearing the Beza Marks or any marks or trade names that are a colorable imitation thereof or confusingly similar thereto, and further that the amount of the monetary award be trebled in view of the willful and deliberate nature of Defendants' unlawful conduct;

    (d)    That Plaintiffs be awarded all losses and damages, including lost profits and costs for corrective advertising, suffered by Plaintiffs as a result of Defendants' false advertising and wrongful use and infringement of the Beza Marks, including prejudgment and post-judgment interest and costs pursuant to 15 U.S.C. § 1117(a);

(e)     Under 15 U.S.C. § 1117, that Defendants be ordered to pay Plaintiffs' attorneys'

fees and costs; and

(f)     Any further relief as this Court may deem equitable and proper.

### Jury Demand

Plaintiffs demand a jury trial on all issues so triable

Dated: July  14, 2014                    Respectfully submitted,


David G. Barger (VSB No. 21652)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA  22102
Telephone:  (703) 749-1300
Facsimile:  (703) 749-1301
bargerd@gtlaw.com

Steven J. Wadyka, Jr. (subject to *pro hac vice* admission)
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C.  20037
Telephone:  (202) 331-3100
Facsimile:  (202) 261-0135
wadykas@gtlaw.com

*Counsel for Plaintiffs*