UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          Alexandria Division

BEZA CONSULTING, INC., et al.,   )
    Plaintiffs,                  )
                                 )
            v.                   ) Civil Action No. 1:14cv881
                                 )
MULUNEH MIHIRATE YADETA,         )
et al.                           )
    Defendants.                  )
                                 )

                       MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Amend Scheduling Order and for Continuance of the Trial and Memorandum in Support Thereof (Dkt. 58). This motion essentially asks that this Court change its previous recommendation that default be entered against defendant, and instead continue a trial date allowing defendant yet another chance to participate in discovery. Therefore, this Court is treating the instant motion as a Motion for Reconsideration. That motion is DENIED for the reasons stated below.

                      I.   Procedural History

The record in this case is replete with defendants' failures to appropriately participate in discovery and follow Court orders. The Scheduling Order, entered by Judge Trenga on September 5, 2014, set the initial pretrial conference for October 1, 2014 and the date for the close of discovery for January 9, 2015. (Dkt. 7.) Plaintiffs' initial discovery

requests were served on October 16, 2014 and October 22, 2014, objections to those requests were due October 31, 2014 and November 6, 2014, and substantive responses were due November 17, 2014 and November 21, 2014. (Plaintiffs' Opposition to Motion ("Plaintiffs' Opp.")(Dkt. 61) at 4.) When defendants failed to respond to any of plaintiffs' discovery requests, plaintiffs filed a Motion for Sanctions on November 26, 2014. (Dkt. 13.)

Also on November 26, 2014, defendants' attorney, Ricardo Narvaiz, filed a Motion to Withdraw as Attorney. (Dkt. 16.) In support of his motion, Mr. Narvaiz stated that his reason for withdrawing was that defendants had not communicated with him since October 1, 2014 which made it impossible for him to represent them in this proceeding. (Dkt. 16 at ¶ 1.) He repeated this statement in his response to the Motion for Sanctions. (Dkt. 18.) Additionally, before Mr. Narvaiz was granted leave to withdraw, his client began filing on behalf of both himself and his corporation *pro se*. (See dkts. 20-24.)

On December 8, 2015, this Court entered an order granting Mr. Narvaiz's Motion to Withdraw as Attorney. (Dkt. 27.) This Court also entered an order which compelled defendants to completely respond to all discovery requests by Monday, December 15, 2014. (Dkt. 26 ("the December 8th Order").) The December 8th Order also ordered that corporate defendant, Beza

2

Consulting, Inc., a Maryland corporation, retain counsel and have them file an appearance within 10 days of that order. (Id.)

On December 13, 2014, defendants served incomplete and sometimes inaccurate responses to the Plaintiffs' requests for documents and failed to produce a single document. (Plaintiffs' Opp. ¶ 9.) Two days after the December 15 extended deadline, defendant Yadeta served incomplete interrogatory responses on behalf of his corporation. (Id.) Plaintiffs filed a Renewed Motion for Sanctions on December 19, 2014 as well as a Motion to Strike and/or Dismiss the Defendants' Counterclaim and Third-Party Complaint (which had been filed by individual defendant Yadeta on behalf of himself and his corporation). (Dkts. 28 and 30.) As the corporate defendant did not hire an attorney in accordance with the December 8th Order, on December 22, 2014 this Court issued a Rule to Show Cause why default judgment should not be entered against the corporate defendant for failure to comply with that December 8th Order. (Dkts. 34-35.) On January 2, 2015, defendant Yadeta filed a "Motion for Hearing" where for the first time it was disclosed to the Court that the Maryland Corporation, Beza Consulting, Inc., had no revenue. (Dkt. 40.) This Motion was struck as it was filed on behalf of a corporation but not by counsel. (Dkt. 42.)

On January 9, 2015, this Court held a Show Cause hearing.

3

Defendant Yadeta did appear. No counsel appeared on behalf of corporate defendant Beza, Consulting Inc., a Maryland Corporation. (Dkt. 44.) This Court, finding that the discovery responses which had previously been provided were inadequate, once again allowed a small extension of time for defendants to participate appropriately in this case. Defendant Yadeta was instructed to submit all documents responsive to document requests to plaintiffs by January 14, 2015 at 12:00 p.m. and to have counsel enter an appearance on behalf of the corporate defendant before the continued Show Cause Hearing scheduled for January 16, 2015. (Id.) On January 15, 2015, the day before the continued show cause hearing, Mr. Narvaiz once again noticed an appearance on behalf of defendants. (Dkt. 48.) Mr. Narvaiz attended the Final Pretrial Conference where parties were instructed to schedule a Settlement Conference with the undersigned. (Dkt. 49.)

On January 16, 2015, the undersigned heard oral argument from both parties on the Motion for Renewed Sanctions as well as the Rule to Show Cause. (Dkt. 52.) At that time, defendants still had not submitted documents responsive to plaintiff's initial requests. This Court granted the Motion for Sanctions and stated its intention to issue a Report and Recommendation regarding the Show Cause Hearing. (Dkts. 52-53.) At that hearing, defendants verbally requested an extension of the

4

discovery period, which the undersigned denied. (January 16 Hearing Transcript (Dkt. 61-5) at 4-5, 8.) On January 20, 2015, the undersigned entered a Report and Recommendation recommending that default be entered against all defendants for their continued failure to obey a pretrial order. (Dkt. 54 at 3.) Defendants filed an Objection to the Report and Recommendation on February 6, 2015 and this Motion to Amend Scheduling Order and for Continuance of Trial on February 14, 2015. (Dkts. 57 and 58.)

## II.  Analysis

Fed. R. Civ. P. Rule 6(b)(1)(B) allows that the court may, for good cause, extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." Here, defendants have failed to show any good cause or excusable neglect.

The Fourth Circuit has stated that "excusable neglect is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996). Furthermore, the Fourth Circuit has held that "a party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect." Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 413 (4th Cir. 2010). Defendants argue for the first time during these proceedings that defendants' "financial incapacity" constitutes

5

"excusable neglect." Financial incapacity was not presented as a reason previously for why defendants failed to participate in this case diligently. Defense counsel initially withdrew because defendants did not communicate with him. (Dkt. 16.) Defendant Yadeta has also previously sworn in an affidavit that he did not answer to the discovery plan and complaint in this lawsuit because he lives in Zambia. (Dkt. 20-1.) These previous pleadings show that defendants intentionally decided to not participate in discovery. Indeed, there is no indication until the instant motion and the objection to the Report and Recommendation that financial hardship was the reason defendants failed to participate in this case. This Court fails to see how any financial incapacity excuses "neglect" by defendants, especially when defendants were still able to engage an attorney for most of the proceedings. Neither that attorney nor *pro se* defendant Yadeta acted with any amount of diligence throughout this case and cannot now claim excusable neglect.

There is also no showing of good cause in this case. Defendants have given no excuse beyond "financial incapacity" for their inadequate production and failure to respond to several court orders to disclose this information. Defendants have already received two extensions for submitting their responses to plaintiffs' first discovery requests. They did not provide any discovery responses until after the initial

6

deadline, and the responses since have been found inadequate by this court. The responses to document requests served December 13, 2014 were incomplete and no documents were actually produced. Defendant Yadeta has never served any responses to interrogatories individually. At the January 9 hearing, the Court found that those initial responses were inadequate; the undersigned gave a second extension of time for defendants to reply until January 14, 2015. Again, defendants provided no documents. At the January 16, 2015 hearing, defense counsel requested a third extension of time to submit discovery responses. This Court denied that request then, and sees no reason to change its decision now, less than a week before the scheduled trial date when there is no good cause shown by the defendants.

    Furthermore, even if this Court were to reopen discovery to allow defendants to serve their February 6, 2015 Discovery Responses, those responses are inadequate. Defendants' February 6 Responses were submitted with their Objection to the undersigned's Report and Recommendation and e-mailed to plaintiffs on February 6, 2015. (Dkt. 57-1.) Copies were also submitted as exhibits to this motion.

    Defendant Yadeta swears in his affidavit that "there are no marketing or promotional materials, no financial or tax documents, no contracts, no documents at all relating to Beza of

7

Maryland." (Affidavit of Muluneh Mihirate Yadeta, Dkt. 58-2, Ex. 2.) Thus, in response to the 38 document requests by plaintiff, defendants have disclosed just one six-page document showing that the name of Beza Consulting, Inc., was changed to Millennium Consulting Engineers, Inc. (Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents, Dkt. 58-2, Ex. 5.) Part of that document includes an Articles of Revival, signed by defendant Yadeta, which states that the corporation had paid all fees required by law, filed all annual reports, and paid all state and local taxes. (Id.) Yet, when asked for any supporting documents related to the corporate structure or finances of the company, defendants responded they had no documents responsive to the request. (Request Nos. 2, 26.) Defendant Yadeta also identified himself as the last acting President of the corporation on the Articles of Revival form, but was not listed in response to an interrogatory asking for this same information. (Interrogatory No. 10.) It is difficult to believe that a company incorporated in Maryland would have absolutely no governing documents, no corporate charter, no documents related to the formation or operation of the corporation, and no documents responsive to requests of plaintiffs.

Furthermore, plaintiffs asked for documents of defendant Yadeta in his individual capacity. For example, plaintiffs

8

asked for "all documents and communications reflecting the providing of engineering consultancy services by Mr. Yadeta." (Request No. 6.) This is Mr. Yadeta's profession, and yet he has produced no documents responsive to this request. Similarly, he has produced no contracts or agreements to which he is a party related to engineering consultancy services, no documents reflecting experience with any engineering consultancy services, nor his own federal and state tax returns. (Request Nos. 6, 12, 26.) Even if the corporation is completely non-operative, defendant Yadeta must have some documents relating to his own personal work and finances.

Finally, for the interrogatories which defendants did provide an answer, their answers are inadequate. Interrogatory No. 14 asks that defendants describe all facts relating to defendants' allegation that defendant Yadeta "owns the right to use the names of BCI and/or BCE in Zambia." Defendants' response states:

> Defendant Yadeta first registered a company
> that had not previously existed in Zambia,
> which had the name, "Beza Consulting
> Engineers." Accordingly, in Zambia,
> Defendant Yadeta owns the right to use the
> name "Beza Consulting Engineers."

Responses of Defendant Beza Consulting Inc., of Maryland to Plaintiffs' First Set of Interrogatories, Dkt. 58-2, Ex. 4. This response is inadequate. There is no indication of when the

9

company was registered, how defendants knew it was the first registered, the registration process in Zambia, and who currently owns the registration for Beza Consulting Engineers. This answer does not provide plaintiffs with the type of information they would need to prepare a response to defendants' allegations in their Answer. These paltry sentences are illustrative of defendants' unwillingness to provide full and complete responses to plaintiffs' requests for discovery. Given the minimalist responses to some interrogatories, the lack of response to others, and the lack of production of documents, the discovery responses defendants now seek to introduce are still inadequate for the purposes of this litigation.

Therefore, the instant motion, essentially a motion for reconsideration, is hereby DENIED.

ENTERED this  26th  day of February, 2015.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia